PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUET TRAWICK, | ) | |
| | ) | CASE NO.  4:13CV00201 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OFFICER SAKMAR, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

    *Pro se* Plaintiff Marquet Trawick filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Correction Officer Sakmar, TCI Institutional Inspector Kim Fredericks, and Ohio Department of Rehabilitation and Correction Assistant Chief Inspector Coble. In the Complaint, Plaintiff alleges that Defendant Sakmar assaulted him with a chemical agent subjecting him to cruel and unusual punishment in violation of the Eighth Amendment and State law. He also alleges that Defendants Fredericks and Coble failed to intervene to correct Sakmar's actions by denying Plaintiff's grievance and finding no violation of rule, policy or law.  Plaintiff seeks injunctive, declaratory and monetary relief.  For the reasons that follow, the Court hereby dismisses this action pursuant to 28 U.S.C. §1915(e).

## I. **Background**

    Plaintiff alleges that on August 16, 2012, while in he was confined in "punitive segregation" at TCI, he advised Lieutenant Lorey that "he was having a bad day and felt like harming himself and/or another person."  ECF No. 1 at 6.  Thereafter, mental health personnel placed Plaintiff on

(4:13CV00201)

"constant suicide watch in the infirmary unit." *Id.*

On August 17, 2012, Plaintiff was transferred back to a "strip cell" in the lobby of the segregation unit, clothed only in a paper gown, and remained under constant surveillance by Correction Officer Shaffers, who sat 2 to 2 ½ feet from Plaintiff. *Id.* at 6, 8. Plaintiff describes the strip cell as having a solid wall at the rear and two sides enclosed by mesh fencing equipped with sheet metal panels placed 2 ½ feet off the floor to a height of 5 feet. *Id.* at 8. He asserts that while he was in the strip cell it was impossible for anyone to see him unless they stood in front of the cell where Shaffers sat. *Id.* at 8.

Correction Officers Sakmar and Lewis were also assigned to the segregation unit that day. *Id.* at 6. Sakmar approached Shaffers and asked him the nature of Plaintiff's placement. Shaffers informed Sakmar that Plaintiff was under watch because he was experiencing suicidal and homicidal thoughts. *Id.* at 6-7. Sakmar asked Plaintiff how he felt, and Plaintiff responded that he "felt like fucking someone up." *Id.* at 7. In response, Sakmar inquired whether that "someone" included himself, and Plaintiff responded affirmatively. *Id.* Sakmar then pulled out his pepper spray, said "get some" to Plaintiff, and sprayed him in the face and groin. *Id.*

Plaintiff alleges that following this incident, Sakmar wrote out a "bogus conduct report," alleging Plaintiff had disobeyed an order to "cuff up," had reached out of the cuff port toward Lewis, and had been engaging in inappropriate sexual behavior. *Id.* at 7-8. A copy of Sakmar's conduct report is attached to the Complaint. ECF No. 1-7. He claims that at a Rules Infraction Board hearing held on September 6, 2012, Shaffers testified that he never saw Plaintiff engage in sexual behavior or reach out of the cuff port during his watch. ECF No. 1 at 8. Plaintiff attached to his Complaint,

2

(4:13CV00201)

a copy of the Rules Infraction Board decision finding Plaintiff guilty of rule violations. ECF No. 1-8. Plaintiff has also attached a copy of his disciplinary appeal (ECF No. 1-9) and a copy of the Warden's decision affirming the Rules Infraction Board's decision on September 18, 2012 (ECF No. 1-10).

On September 11, 2012, Plaintiff submitted a grievance to Inspector Fredericks, alleging that Sakmar had used unnecessary force. *Id.* A copy of Plaintiff's grievance is attached to the Complaint. ECF No. 1-3. On September 21, 2012, Fredericks denied the grievance, finding that, "Staff abided by policy and a [use of force] packet was completed, reviewed and signed." *Id.*; ECF No. 1 at 8. Plaintiff claims that Fredericks failed to state or cite a policy that would support the use of pepper spray on a "mental health patient[] on constant suicide watch, that is totally secured in a segregation cell, [and] that was not proposing [*sic*] any threat (immediate or otherwise) to any staff, visitor or person including self." ECF No. 1 at 9.

Plaintiff appealed the denial of his grievance, and on October 16, 2012, Chief Inspector Coble affirmed Fredericks's decision, finding that "the inspector [had] appropriately responded to [Plaintiff's] complaint." *Id.* at 9. Copies of Plaintiff's appeal and the Chief Inspector's decision are attached to the Complaint. ECF Nos. 1-5, 1-6. Plaintiff complains that Coble also did not cite an administrative regulation and/or policy that would appropriately support Sakmar's use of force under the circumstances alleged. ECF No. 1 at 9.

Plaintiff claims that Sakmar's use of force was excessive and constituted an unlawful assault and, therefore, Sakmar is liable to Plaintiff for monetary damages under the Eighth Amendment for "unwanton affliction of pain" and under State law for intentional injury. ECF No. 1 at 5. He also

3

(4:13CV00201)

contends Fredericks and Coble are liable for damages for failing to intervene to correct Sakmar's actions.  *Id.*  He seeks compensatory and punitive damages from Defendants in their individual capacities, as well as an injunction ordering Sakmar removed and/or demoted from his position.  *Id.*

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

(4:13CV00201)

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the Complaint are true." *Id*. (citations omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III.  Discussion

#### A.  Excessive Force Claims

Plaintiff alleges Defendant Sakmar used excessive force when he pepper sprayed him in the face and groin while he was secured in a "strip cell" and unable to harm himself or others. Further, he contends that Defendants Fredericks and Coble are liable for failing to intervene and correct Sakmar's conduct. The Complaint indicates that Defendants are each sued in their individual capacities.

5

(4:13CV00201)

**1. <u>Defendant Sakmar</u>**

The standard used to analyze excessive force claims under the Eighth Amendment requires the Court to determine whether the officers acted in a good faith effort to maintain or restore discipline, or whether they acted maliciously and sadistically to cause harm. *Hudson v. McMillian,* 503 U.S. 1, 8 (1992). *See also Wilkins v. Gaddy,* 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010). That is not to suggest that every angry touch by a prison guard gives rise to a federal cause of action. Prison officials may often be required to use physical contact to ensure prison security. *Hudson,* 503 U.S. at 9. The physical contact will rise to the level of an Eighth Amendment violation only if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).

In determining whether the use of force was wanton and unnecessary, the extent of injury suffered by an inmate is one factor that may considered, along with other factors including "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson,* 503 U.S. at 7 (quoting *Whitley,* 475 U.S. at 321 ). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes v. Chapman,* 452 U.S. 337, 345 (1981).

The Court finds Plaintiff has failed to set forth sufficient factual allegations that Defendant Sakmar's alleged use of excessive force represented a "wanton infliction of pain." The Eighth Amendment's "prohibition of 'cruel and unusual punishment' necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of

6

(4:13CV00201)

a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (*quoting Whitley*, 475 U.S. at 327).  Plaintiff fails to allege that he suffered any physical injury or medical problem as a result of the alleged use of pepper spray on his person.  Even liberally construed, the Complaint is insufficient to suggest that Defendant Sakmar's pepper spraying of Plaintiff constituted cruel and unusual punishment.

Moreover, Plaintiff's Eighth Amendment claim lacks merit because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  "A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction." *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (*citing Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)) (holding that plaintiff's claims that he obeyed correction officers' instructions and that officers unjustifiably sprayed him with pepper spray presented a direct challenge to validity of misconduct conviction for disobeying direct order to sit cross-legged on his bunk and face the wall).

Plaintiff claims that he was secured in a cell and did not pose a threat to any staff member when Sakmar sprayed him with a chemical agent, and that Sakmar's allegations regarding his conduct, including reaching through the cuff port toward Lewis, were untrue.  The exhibits appended to the Complaint indicate that Plaintiff was convicted of a disciplinary infraction based on Sakmar's conduct report.  Plaintiff's allegations to the contrary present a direct challenge to the validity of his disciplinary conviction.  Because a favorable ruling on Plaintiff's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, his claim is not cognizable. *Id.* (*citing Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Huey*, 230 F.3d at 230).

7

(4:13CV00201)

Accordingly, for the foregoing reasons, Plaintiff's Eighth Amendment excessive force claim against Defendant Sakmar is dismissed pursuant to § 1915(e).

### 2. **Defendants Fredericks and Coble**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also 'take reasonable measures to guarantee the safety of the inmates.'" *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiff[] must show that the prison officials acted with "deliberate indifference" to a substantial risk that [a correction officer] would cause prisoners serious harm." *Id.* (citations omitted).

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendants Fredericks and Coble because he has failed to allege that these Defendants were personally involved in the purported use of force.  Liability under § 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325–26 (1981); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Thus, §1983 liability cannot be premised upon mere allegations of respondeat superior.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under §1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also*

(4:13CV00201)

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if Plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of Plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).

Here, Plaintiff has failed to allege that Defendants Fredericks and Coble were aware of any threat to Plaintiff's safety, either by Sakmar or any other correction officer, such that these Defendants could have prevented the pepper spraying of Plaintiff or that this conduct was foreseeable or predictable. Further, even if Plaintiff had pleaded facts sufficient to establish Fredericks and Coble failed to appropriately discharge their supervisory duties, Plaintiff has not pleaded that any such failure lead to a denial or deprivation of his federal rights. As discussed above, the Complaint does not allege a cognizable excessive force claim against Defendant Sakmar. Moreover, Defendants Fredericks and Coble cannot be liable under § 1983 for the denial of Plaintiff's administrative grievances or the failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, Eighth Amendment claims against

9

(4:13CV00201)

Defendants Fredericks and Coble are dismissed pursuant to § 1915(e).

### B.  Injunctive and Declaratory Relief

Plaintiff seeks declaratory and injunctive relief against Defendants for the alleged use of excessive force and seeks the removal of Sakmar from his position to prevent him from harming State prisoners.  According to the Ohio Department of Rehabilitation and Correction offender search available on the agency's website, however, Plaintiff is no longer being held at TCI and has been transferred to Mansfield Correctional Institution.[2]  Therefore, Plaintiff's request for declaratory and injunctive relief is moot.  *Cardinal v. Metrish*, 564 F.3d 794, 799 (6th Cir. 2009) (*citing Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to new facility)).

### C.  State Law Claims

Finally, Plaintiff contends that Defendants are liable for assault and cruel and unusual punishment in violation of Ohio common law and the Ohio Constitution, Art. I, § 10.  Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing State law matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's State law claims against Defendants.  Accordingly, Plaintiff's State law claims are subject to summary dismissal

---

[2] *See* http://www.drc.ohio.gov/offendersearch/Search.aspx (last visited April 23, 2013).

10

(4:13CV00201)

under § 1915(e).

### IV.  **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).[3]  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.


IT IS SO ORDERED.


April 30, 2013
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

---

[3] The Court notes that Plaintiff has previously filed two civil rights complaints in this court, both of which were dismissed for failing to state a claim upon which relief can be granted.  *See Trawick v. Bunting*, No. 3:11 CV 2508, 2012 WL 275097 (N.D. Ohio Jan. 31, 2012) (Carr, J.); *Trawick v. Kelly*, No. 4:12 CV 1714, 2012 WL 5400007 (N.D. Ohio Nov. 5, 2012) (Boyko, J.). Accordingly, Plaintiff is placed on notice that this dismissal constitutes his "third strike" under the provisions of 28 U.S.C. § 1915(g), which prevents a prisoner from bringing an action under § 1915 who has had three prior suits dismissed on the grounds that the action was frivolous, malicious, or failed to state a claim, unless the prisoner is in imminent danger of serious physical injury.

11